UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK          FOR PUBLICATION

In re:

TRINSUM GROUP, INC., f/k/a            Case No. 08-12547 (MG)
MARAKON ASSOCIATES, INC., and
INTEGRATED FINANCE LIMITED, LLC,      (Jointly Administered)

                         Debtors.

MARIANNE T. O'TOOLE, as Distributing
Agent for the Estates of Trinsum Group, Inc.,
and Integrated Finance Limited, LLC,

                         Plaintiff,

        v.                            Adv. Pro. No. 11-01284 (MG)

JAMES McTAGGART, BRIAN BURWELL,
RONALD LANGFORD, KENNETH
FAVARO, JOSE LUIS DAZA, DAVID
DEMING, NEAL KISSEL, MASON
KISSELL, ROBERTO MENDOZA, ROBERT
MERTON, AND EUGENE SHANKS, JR.,

                         Defendants.

**OPINION DENYING PLAINTIFF'S MOTION TO MODIFY ORDER**

*A P P E A R A N C E S*

NEUBERT, PEPE & MONTEITH
*Counsel to Marianne T. O'Toole, Distributing Agent for the Estates of Trinsum Group, Inc, and Integrated Finance Limited, LLC*
195 Church Street
13th Floor
New Haven, Connecticut 06510
By:    Simon I. Allentuch, Esq.

GERSTEN SAVAGE LLP
*Counsel to Brian Burwell, Kenneth Favaro, Ronald Langford, and James McTaggart*
600 Lexington Avenue
New York, New York 10022
By:    Paul Rachmuth, Esq.

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

This case raises an important issue regarding when a bankruptcy court must enter proposed findings of fact and conclusions of law under Rule 9033 of the Federal Rules of Bankruptcy Procedure in non-core matters, or in core matters in which the bankruptcy court may not enter a final order or judgment consistent with Article III of the U.S. Constitution. In this case, an adversary complaint was filed against eleven defendants alleging claims that are non-core, or core but not subject to entry of a final order or judgment by the bankruptcy court consistent with Article III of the U.S. Constitution, absent consent of the parties. Seven of the defendants consented to the bankruptcy court's entry of final orders or judgment, while four did not.

The bankruptcy court dismissed with prejudice two of four claims in the adversary complaint and entered partial judgment under Rule 7054 of the Federal Rules of Bankruptcy Procedure with respect to the dismissal of the two claims against the consenting defendants. The dismissal order stated that the order was an interlocutory order as to the non-consenting defendants, but would become the proposed findings of fact and conclusions of law upon the final disposition of the adversary proceeding. The plaintiff now seeks to have the dismissal order amended to provide that the dismissal of the claims against the non-consenting defendants constitutes the proposed findings of fact and conclusions of law, entitling the plaintiff to immediate review by the district court. For the reasons explained below, the Court rejects that argument and denies the motion.

## BACKGROUND

This adversary proceeding arises out of the merger of a Marakon Associates, Inc. ("Marakon") and Integrated Finance Limited, LLC ("IFL,") in February 2007, which created

2

Trinsum Group, Inc. ("Trinsum," and with IFL, the "Debtors").[1] The merger was ultimately unsuccessful, and in July 2008, an involuntary case under chapter 7 was commenced against Trinsum. On January 29, 2009, the Debtor consented to an order of relief and the case was converted to one under chapter 11. (Case No. 08-12547, ECF # 12.) On February 24. 2009, IFL filed a voluntary petition under chapter 11 of the Bankruptcy Code, and on March 6, 2009, the Court entered an order directing joint administration of the Trinsum and IFL bankruptcy cases.

On November 10, 2010, Chief Judge Gonzalez confirmed the Debtors' First Modified Joint Plan of Liquidation. (Case No. 08-12547, ECF # 358.) On that same date, Marianne T. O'Toole (the "Distributing Agent") was appointed as the Distributing Agent of the Debtors' estates. On January 27, 2011, the Distributing Agent filed a complaint (as amended on August 16, 2011, the "Amended Complaint"), alleging: (I) breach of fiduciary duty as to the Marakon Directors; (II) gross negligence and/or recklessness as to the Marakon Directors; (III) breach of fiduciary duty as to the Trinsum Directors; and (IV) corporate waste as to the Trinsum Directors. Thereafter, the defendants moved to dismiss counts III and IV of the Amended Complaint.

Some of the Distributing Agent's claims in this case are non-core, or core but not subject to entry of a final order or judgment by the bankruptcy court consistent with Article III of the U.S. Constitution, absent consent of the parties. Accordingly, on August 8, 2011, Chief Judge Gonzalez entered an order instructing the Defendants to file express statements, in accordance with Rules 7008(a) and 7012(b) of the Federal Rules of Bankruptcy Procedure, stating whether they admit or deny that the Adversary Proceeding is core or non-core and, if they contend it is non-core, whether they consent to entry of a final order. (ECF Doc. # 77.) The Trinsum

---

[1] During its existence, Trinsum was managed by the prior board of directors of Marakon—James McTaggart, Brian Burwell, Ronald Langford, and Kenneth Favaro (the "Marakon Directors"), as well as Jose Luis Daza, David Deming, Neal Kissel, Mason Kissell, Roberto Mendoza, Robert Merton, and Eugene Shanks, Jr. (together with the Marakon Directors, the "Trinsum Directors").

3

Directors (the "Consenting Defendants") filed statements denying that the Adversary Proceeding is a core proceeding but nevertheless consenting to the Court's entry of final orders or judgment. The Marakon Directors (the "Non-Consenting Defendants") filed statements denying that the Adversary Proceeding is a core proceeding and stating that they do not consent to the Court's entry of final orders or judgment.

On September 15, 2011, the Defendants either filed or renewed earlier motions to dismiss, in whole or in part, the Amended Complaint. (ECF Doc. ## 93, 96, 98-99, 101.) On January 20, 2012, Chief Judge Gonzalez issued an opinion dismissing Counts 3 and 4 of the Amended Complaint with prejudice and denying the Distributing Agent's motion for leave to amend with respect to those counts of the Amended Complaint. (ECF Doc. # 133.) On January 28, 2012, Chief Judge Gonzalez entered the Dismissal Order. (ECF Doc. # 141.) As to the Consenting Defendants, Chief Judge Gonzalez concluded it was appropriate to enter partial judgment on the dismissed claims under Rule 54(b) of the Federal Rules of Civil Procedure ("Rule 54(b)"), made applicable to adversary proceedings by Rule 7054. As to the Non-Consenting Defendants, the Dismissal Order makes clear that the order is an interlocutory order, but would become the Court's proposed findings of fact and conclusions of law at the conclusion of the adversary proceeding.[2]  *Id.* ¶¶ 7-8.

The Distributing Agent now seeks to modify the Dismissal Order.[3] (ECF Doc. # 146.) The Marakon Directors filed a statement indicating that they do not object to the relief sought by

---

[2]     The Dismissal Order provides as follows: "In accordance with 28 U.S.C. § 157(c)(1), and further subject to the provisions of Rule 9033, as to Defendants James McTaggart, Brian Burwell, Ronald Langford, and Kenneth Favaro, upon the final disposition of the adversary proceeding before this Court, the Court's January 20, 2012 Opinion and this Order shall constitute this Court's proposed findings of fact and conclusions of law which shall be submitted to the United States District Court for the Southern District of New York." Dismissal Order ¶ 8.

[3]     Chief Judge Gonzalez retired as a bankruptcy judge on March 1, 2012. The *Trinsum* case and all *Trinsum*-related adversary proceedings were transferred to me on February 10, 2012 in anticipation of Chief Judge Gonzalez's retirement. While the Dismissal Order was entered on February 28, 2012, Chief Judge Gonzalez's

the Distributing Agent. (ECF Doc. # 149.) The Distributing Agent argues that the Dismissal Order improperly prevents her from appealing the Dismissal Order with respect to the non-consenting defendants; she filed a timely notice of appeal with respect to the consenting defendants. In support of her argument, the Distributing Agent asserts that the Dismissal Order has the "unintended consequence" of prejudicing her rights, and that it "constitute[s] an unconstitutional assertion of Article III power in a non-core proceeding." (ECF Doc. # 147 [hereinafter "Memo"] at 1.) Additionally, she argues that in a non-core proceeding under 28 U.S.C. § 157(c)(1) and Rule 9033, "every order is immediately reviewable as a matter of law." Memo. at 6-7. Finally, the Distributing Agent argues that under *Stern v. Marshall*, a bankruptcy judge lacks authority to issue a final order in a non-core proceeding. *See* 131 S. Ct. 2594, 2620 (2011) (holding that the bankruptcy court "lacked the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim."). Although this is a true statement, absent consent, the Distributing Agent misapplies the holding in *Stern v. Marshall*, as well as relevant statutory authority.

As explained below an order dismissing fewer than all of the claims in the complaint is an interlocutory order. There is no absolute right to an immediate appeal from an interlocutory order; rather, an appeal from an interlocutory order is permitted only with leave of the district court pursuant to 28 U.S.C. § 158(a)(3) and Rule 8003 of the Federal Rules of Bankruptcy Procedure. Contrary to the argument of the Distributing Agent, nothing in the Bankruptcy Code or in Rule 9033 *requires* the bankruptcy court to file proposed findings of fact and conclusions of

---

opinion granting the defendants' motion to dismiss was entered on January 20, 2012. *See O'Toole v. McTaggart*, Adv. Pro. No. 11-01284 (AJG) (Bankr. S.D.N.Y. Jan. 20, 2012) (ECF Doc. # 133) (the "Opinion").

Although not specifically denominated as such, the Court treats the present Motion as a motion to amend or make additional findings and amend judgment under Rule 52(b) of the Federal Rules of Civil Procedure, made applicable in this case by Rule 7052 of the Federal Rules of Bankruptcy Procedure.

5

law, and to trigger immediate district court review, at the time an interlocutory order dismissing fewer than all claims is first entered.

Although the Bankruptcy Code and Rules may permit a bankruptcy court to accelerate review of an otherwise interlocutory order by filing proposed findings of fact and conclusions of law before the end of the case, the strong federal policy against piecemeal appeals ordinarily counsels against it unless judicial efficiency or other factors support it. The Dismissal Order entered partial judgment under Rule 54(b) with respect to the Consenting Defendants, but only an interlocutory order with respect to the Non-Consenting Defendants. If the parties want the Opinion granting the motion to dismiss reviewed at one time as to all defendants, section 158(a)(3) provides the parties with a path to seek such review as to the Non-Consenting Defendants. It is now a matter, however, for the district court to decide. Accordingly, the Distributing Agent's Motion is denied.[4]

## DISCUSSION

The Distributing Agent's argument that every order is immediately reviewable as a matter of law in a non-core matter is unsupported by any statute, rule, or case law. To the contrary, both before and after *Stern v. Marshall*, it is clear that the bankruptcy court may handle all pretrial proceedings, including the entry of an interlocutory order dismissing fewer than all of the claims in an adversary complaint, as occurred in this case. The Dismissal Order did not, as the Distributing Agent contends, transform "proposed findings of fact and conclusions of law into an interlocutory order appealable only at the end of the case." Memo. at 4. Rather, the Dismissal Order simply made clear what was already true: as to the Non-Consenting Defendants,

---

[4] Since the Court concludes that the Motion seeks relief pursuant to Rule 7052, the Distributing Agent has fourteen days from the entry of this opinion and order to file a motion for leave to appeal from the Dismissal Order as to the Non-Consenting Defendants under Rule 8002(b)(1) of the Federal Rules of Bankruptcy Procedure.

6

the Dismissal Order is interlocutory because it did not dispose of all claims in the Amended Complaint.  Unless and until the bankruptcy court enters proposed findings of fact and conclusions of law, triggering application of Rule 9033,[5] appellate review by the district court of interlocutory orders is limited to discretionary review pursuant to 28 U.S.C. § 158(a)(3).[6]  This same result follows whether the interlocutory order relates to non-core claims, or to core claims as to which the bankruptcy court cannot enter final orders or judgments consistent with Article III of the U.S. Constitution absent consent of the parties.

Bankruptcy judges are permitted to hear non-core proceedings that are "otherwise related to a case under title 11." 28 U.S.C. § 157(c)(1).  In such instances, "any final order or judgment shall be entered by the district judge." *Id.*  Pre-*Stern* case law clearly established that, in such instances, bankruptcy courts may enter interlocutory orders; only entry of a final order or judgment requires the bankruptcy court to submit proposed findings of fact and conclusions of

---

[5]  Rule 9033 provides, in pertinent part:

> (a)  Service.  In non-core proceedings heard pursuant to 28 U.S.C. §157(c)(1), the bankruptcy judge shall file proposed findings of fact and conclusions of law.  The clerk shall serve forthwith copies on all parties by mail and note the date of mailing on the docket.

FED. R. BANKR. P. 9033(a).

[6]  Section 158(a) provides as follows:

> (a) The district courts of the United States shall have jurisdiction to hear appeals
> (1) from final judgments, orders, and decrees;
> (2) from interlocutory orders and decrees issued under section 1121 (d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and
> (3) with leave of the court, from other interlocutory orders and decrees;
> and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title.  An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

28 U.S.C. § 158(a).

law to the district court.[7] *See In re Pan Am Corp.*, 159 B.R. 396, 400 (S.D.N.Y. 1993); *Lesser v. A-Z Assocs., Inc (In re Lion Capital Grp.)*, 46 B.R. 850, 854 (Bankr. S.D.N.Y. 1985) (reasoning that a contrary position "would require wholesale deferral of all interlocutory matters . . . to the district courts thereby swamping district court calendars."); 1 COLLIER ON BANKRUPTCY ¶ 3.03[2] ("Answering a question not addressed by the statute, it has been held that a bankruptcy judge may retain jurisdiction over pretrial proceedings and enter interlocutory orders in a [non-core] matter."). This position was also embraced in *Elkins v. X-Alpha International, Limited (In re Kennedy)*, 48 B.R. 621 (Bankr. D. Ariz. 1985) ("only final orders need be entered in noncore proceedings"). The court in *Kennedy* remarked that "[a] contrary interpretation would require wholesale referral to the District Court of every order concerning discovery, continuances or every other interlocutory order of substantive or procedural import. Congressional intent to impose such a burden . . . will not be presumed." *Id.* at 622.

After *Stern v. Marshall*, the ability of bankruptcy judges to enter interlocutory orders in non-core proceedings, or in core proceedings as to which the bankruptcy court may not enter final orders or judgments consistent with Article III absent consent, has been reaffirmed by the courts that have had occasion to address the issue. *See, e.g. Ameriwest Bank v. Starbuck Bancshares, Inc. (In re Americanwest Bancorporation)*, Case No. CV-11-0448-LRS, 2012 WL 394379, at *2 (E.D. Wash. Feb. 3 2012) (referring all pretrial matters, including pending summary judgment motion, to the bankruptcy court); *Boyd v. King Par, LLC (In re B&P Baird*

---

[7] The distinction between final and interlocutory orders in the context of bankruptcy courts has been a source of confusion. However, a number of commentators have provided useful guidance for distinguishing between a final and interlocutory order. *See, e.g.,* 16 CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 3926.2 [hereinafter WRIGHT, MILLER & COOPER]. Additionally, then-Judge Breyer provided a thorough explanation of the rule of "flexible finality" in the context of bankruptcy. *See In re Saco Local Dev. Corp.*, 711 F.2d 411, 444 (1st Cir. 1983). In *Saco*, Judge Breyer reasoned that finality in bankruptcy was best understood in the context of discrete adversary proceedings and contested matters within the larger bankruptcy case itself. Once the relevant "judicial units" of the bankruptcy case are properly defined, "ordinary concepts of finality apply." 1 COLLIER ON BANKRUPTCY ¶ 5.08[1][b]. An order dismissing fewer than all of the claims in an adversary complaint is unquestionably an interlocutory order.

*Holdings, Inc.)*, Case No. 11-CV-1106, 2011 WL 5509873, at *5 (W.D. Mich. Nov. 10, 2011) ("[U]ncertainty regarding the bankruptcy court's ability to enter a final judgment . . . does not deprive the bankruptcy court of the power to entertain all pretrial proceedings, including summary judgment motions."); *Hill v. New Concept Energy (In re Yazoo Pipeline Co., L.P.)*, 459 B.R. 636, 642 (Bankr. S.D. Tex. 2011) (holding that "*Stern* restricts a bankruptcy court's authority to enter a final order or judgment").[8]

---

[8] Some commentary and decisions analogize bankruptcy judges' authority in non-core proceedings to magistrate judges' authority in referred matters. *See, e.g., Dev. Specialists, Inc. v. Orrick, Herrington & Sutcliffe, LLP (In re Coudert Bros., LLP)*, Case No. 11-civ-6337(CM), 2011 WL 6780600, at *3-4 (S.D.N.Y. Dec. 23, 2011) (comparing authority of a bankruptcy judge in non-core matters to the role of a magistrate judge); *see also* 9 COLLIER ON BANKRUPTCY ¶ 9033 ("[A] bankruptcy judge in [a non-core] matter may make preliminary findings as to the sufficiency of the pleadings, evidentiary matters and the like, pending the trial of the matter, resulting in proposed findings of fact and conclusions of law."). While instructive, the analogy of referrals to bankruptcy judges and magistrate judges may be misleading—while the objection procedures in Rule 9033 and Rule 72 are quite similar, the scope of the referral differs. The Advisory Committee Notes to Rule 9033 states that "Section 157(c)(1) of title 28 requires a bankruptcy judge to submit proposed findings of fact and conclusions of law to the district court when the bankruptcy judge has heard a non-core proceeding. This rule, which is modeled on Rule 72 F.R.Civ.P., provides the procedure for objecting to, and for review by, the district court of specific findings and conclusions." ADVISORY COMMITTEE NOTE TO FED. R. BANKR. P. 9033 (1987).

Pursuant to 28 U.S.C. § 157 and the Amended Standing Order of Reference, M-431 (S.D.N.Y. Jan. 31, 2011), "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 are referred to the bankruptcy judges in this district." Unless the reference is withdrawn, the entire adversary proceeding proceeds in the bankruptcy court; the bankruptcy court rules on all pretrial motions, including motions to dismiss or for summary judgment, and unless a jury trial is properly demanded, the bankruptcy court tries the case. In a "related to" matter, and in a "core" matter in which the bankruptcy court may not enter a final order or judgment consistent with Article III, absent consent, the bankruptcy court must file proposed findings of fact and conclusions of law; a final order or judgment in such matters must be entered by the district court. But a bankruptcy judge may enter interlocutory orders in all cases; and appellate review of interlocutory orders is discretionary by the district court under 28 U.S.C. § 158(a)(3) and Rule 8003.

The referral procedure for magistrate judges is governed by 28 U.S.C. § 636 and Rule 72. For "dispositive motions," section 636(b)(1)(B) applies: "[A] judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any [pretrial matter dispositive of a claim or defense] . . . ." 28 U.S.C. § 636(b)(1)(B); *see also* FED. R. CIV. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . . A record must be made of all evidentiary proceedings and may, at the magistrate judge's discretion, be made of any other proceedings. The magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact. The clerk must promptly mail a copy to each party."). A district judge may refer motions to dismiss or for summary judgment to a magistrate judge for a recommended disposition, but the actual disposition is entered by the district judge. A referral to a magistrate judge under the applicable statute and rule is narrower than the referral of cases to the bankruptcy court.

In adversary proceedings, orders dismissing fewer than all claims are considered to be interlocutory. *See Pan Am Corp.*, 159 B.R. at 400; *see also In re Russell*, 957 F.2d 534, 535 (8th Cir. 1992); *In re M.S.V., Inc.*, 892 F.2d 5, 6 (1st Cir. 1989); *In re King City Transit Mix, Inc.*, 738 F.2d 1065, 1066 (9th Cir. 1984). Additionally, orders granting summary judgment as to some or not all claims are generally regarded as interlocutory. *See In re Chateaugay Corp.*, 922 F.2d 86, 90 (2d Cir. 1990). The results in these cases comport with the doctrine of flexible finality articulated in *Saco* as well as with the traditional parameters of finality. Case law also supports the conclusion that an order granting a motion to dismiss some, but not all, claims with prejudice is interlocutory. *Kushner v. Winterthur Swiss Ins. Co.*, 620 F.2d 404, 408 (3d Cir. 1980) (holding that in the absence of certification under Rule 54(b), an order granting a motion to dismiss with prejudice as to some defendants in a multi-party action was not a final order appealable to the circuit court). The adversary proceeding being the relevant judicial unit, the order ending the adversary proceeding would generally be the only final order.

Although an interlocutory order of a bankruptcy judge is only subject to discretionary review by the district court under section 158(a)(3), Rule 54, made applicable to adversary proceedings by Rule 7054, provides an avenue for entering a partial final judgment, and for immediate appellate review under section 158(a)(1). Under Rule 54, a court may order entry of a "final judgment as to one or more, but fewer than all, claims or parties . . . if the court expressly determines that there is no just reason for delay." FED. R. CIV. P. 54(b).[9] But entering a partial

---

[9] Rule 54(b). Judgment on Multiple Claims or Involving Multiple Parties.

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or

10

judgment under Rule 7054 assumes the authority of the bankruptcy court to enter a final order or judgment, something the bankruptcy court cannot do, absent consent, in non-core matters or core matters as to which a bankruptcy judge cannot enter a final order or judgment consistent with Article III.  An appeal of a partial judgment entered under Rule 7054 proceeds in the manner of an appeal from any other final order or judgment under 28 U.S.C. § 158(a)(1).[10]  *See* 10 COLLIER ON BANKRUPTCY ¶ 7054.03 ("When the court makes the direction and executes the certificate, the judgment becomes final and then effective upon entry by the clerk.").  And, importantly, an otherwise interlocutory order that has not resulted in entry of a partial judgment under Rule 54(b) "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  FED. R. CIV. P. 54(b).

Here, the Dismissal Order dismissed only two of four causes of action in the Amended Complaint.  Therefore, the Dismissal Order was interlocutory.  And although Rule 7054 permits entry of a final judgment as to fewer than all claims or parties, a partial judgment could not be entered with respect to the claims asserted against the Non-Consenting Defendants; a partial judgment could be and was entered with respect to the claims against the Consenting Defendants.

---

parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

FED. R. CIV. P. 54(b).

[10]    Some commentators have advocated that in bankruptcy cases strict adherence to Rule 54(b) should not always be required, but they readily acknowledge that within a single adversary proceeding, full adherence to Rule 54(b) is consistent with the theory of flexible finality.  WRIGHT, MILLER & COOPER § 3926.2.

Neither section 157(c)(1)[11] nor Rule 9033 *required* that proposed findings of fact and conclusions of law be entered at the time the Court rendered the Opinion or when the Dismissal Order was entered.[12] The policy against piecemeal appeals generally counsels against prematurely submitting proposed findings of fact and conclusions of law under Rule 9033. Because the Distribution Agent can seek to take an interlocutory appeal under 28 U.S.C. § 158(a)(3) and Rule 8003, the district court can make the decision in the exercise of its discretion whether to review the Opinion and Dismissal Order with respect to the dismissal of Counts III and IV against all defendants at this time.[13]

---

[11]    Section 157(c)(1) provides as follows:

> A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

28 U.S.C. § 157(c)(1).

[12]    There is nothing in the language of the statute or rule that precluded the Court from entering proposed findings of fact and conclusions of law along with the Dismissal Order. Despite the strong policy against piecemeal appeals, a bankruptcy court could conclude that judicial efficiency or other factors favor entry of findings of fact and conclusions of law with respect to the recommended dismissal of claims against the Non-Consenting Defendants if, for example, an appeal has been taken from the dismissal of the same claims for the same reasons against the Consenting Defendants and Non-Consenting Defendants.

[13]    It is more appropriate for the district court to address that issue than for me to do so because the Opinion and Dismissal Order in this case were entered by another bankruptcy judge. Of course, the decision of the district court on an appeal with respect to the dismissal of the claims against the Consenting Defendants is likely to resolve the same issues as to the Non-Consenting Defendants whether or not an interlocutory appeal is permitted because the interlocutory order with respect to the Non-Consenting Defendants "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b).

## CONCLUSION

For the reasons explained above, the Dismissal Order remains an interlocutory order as to the Non-Consenting Defendants. The Distributing Agent's Motion to amend the Dismissal Order is denied, but the time within which the Distributing Agent may seek to take an interlocutory appeal begins to run with the entry of this Order.

Dated:   April 9, 2012
         New York, New York

                                            **/s/Martin Glenn**
                                            MARTIN GLENN
                                            United States Bankruptcy Judge